UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Case No. 6:17-cv-2004-Orl-28GJK

LAURA ORTIZ,

       Plaintiff,

v.

MASTERCORP, INC.,

       Defendant.
_____/

## PLAINTIFF'S VERIFIED MOTION TO SET ASIDE DISMISSAL

Plaintiff, LAURA ORTIZ, pursuant to Rule 60 of the Federal Rules of Civil Procedure hereby moves this court to set aside the order dismissing the Plaintiff's Complaint without prejudice under Rule 60(b)(1), or in the alternative under Rule 60(b)(6) and would state as follows:

1. The Plaintiff filed the Complaint in the instant case on or about October 12, 2017 against the Defendant for employment discrimination, retaliation, and negligent infliction of emotional distress. The instant case was initially filed in the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida.

2. The Plaintiff was authorized to bring this action under Florida Civil Rights Act of 1992, since the EEOC mailed a Notice of Rights (Conciliation Failure) on July 19, 2017, and the Plaintiff brought this action within ninety days from such notice, and thus within the permitted time period in accordance with the Dismissal and Notice of Rights.

3. The Defendant removed the instant case from state court to the Middle District of Florida on or about November 17, 2017.

4. Subsequently, the Defendant filed a Motion to Dismiss Plaintiff's Complaint or, alternatively for more definite statement, on or about December 13, 2017.

5. Undersigned counsel underwent a multilevel laminectomy with fusion in late November 2017, a procedure which generally requires between four and seven weeks of recovery. Due to the foregoing, the undersigned has been unable to work for several weeks, and has been absent from the office for most of the time since the surgery took place, due to medical issues.

6. On or about January 2, 2018 this Honorable Court granted the Defendant's Motion, and dismissed the Plaintiff's Complaint without prejudice, in light of the fact the Plaintiff failed to file a response to the Defendant's Motion and oppose the Defendant's Motion pursuant to Middle District of Florida Local Rule 3,01(b).

7. The Plaintiff would be prejudiced if such Order was not set aside, as the Plaintiff may not be able to bring again this action under the FCRA because it would not be within ninety days from the Notice of Rights from the EEOC.

*Memorandum of law and Argument*

8. FRCP Rule 60(b) provides that the court may relieve a party from a final judgment and sets forth the following six categories of reasons for which such relief may be granted: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly-discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59; (3) fraud, misrepresentation, or misconduct by an adverse party; (4) circumstances under which a judgment is void; (5) circumstances under which a judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. F.R.C.P. Rule 60(b)(1)-(b)(6). To be entitled to relief, the moving party must establish facts within one of the reasons enumerated in Rule 60(b).

9. Courts have found that the determination of what constitutes excusable neglect, under Rule 60(b)(1) is an equitable test, which must take into account the totality of the circumstances surrounding the party's omission. *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007); see *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1297 (11th Cir. 2003) (stating that "a determination of excusable neglect is an equitable one that necessarily involves consideration of all three elements—a meritorious defense, prejudice, and a good reason for not responding to the complaint").

10. In *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, the Supreme Court identified four factors pertinent to evaluating the totality of the circumstances: "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." 507 U.S. 380, 395, 113 S. Ct. 1489, 1498 (1993). The Court held that excusable neglect encompasses situations of negligence within the defaulting party's control and placed primary importance on the absence of prejudice and the interests of efficient judicial administration. *Id.* at 388, 394, 397-99, 113 S. Ct. at 1495, 1497, 1499-500; see *In re Worldwide Web Sys., Inc.*, 328 F.3d at 1297.

11. Rule 60(b) also provides that a motion to set aside an order "shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the […order…] was entered" See *United States v. Buck*, 281 F.3d 1336, 1344 (10th Cir. 2002), citing *Orner v. Shalala*, 30 F.3d 1307, 1310 (10th Cir. 1994). It follows that a motion to set aside an order premised upon mistake, inadvertence, surprise, or excusable neglect pursuant to Rule 60(b)(1) may be brought within one year after the judgment was entered. F.R.C.P. Rule 60(b).

12. In the alternative, and in the event this Honorable Court found that the undersigned's inadvertence and excusable neglect does not satisfy Rule 60(b)(1), the Plaintiff would move this court to consider her Motion to set Aside under Rule 60 (b)(6). Relief under Rule 60(b)(6) is available only "upon a showing of exceptional circumstances." *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993). This includes circumstances other than an attorney error, which which does not constitute exceptional circumstances for purposes of Rule 60(b)(6) and should be raised under Rule 60(b)(1). *Allen v. Dockery*, No. 08-12303, 8 (11th Cir. 10/2/2008).

13. Rule 60(b)(6), provides that the court may relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment." F.R.C.P. Rule 60(b)(6). Rule 60(b)(6) "gives the court a 'grand reservoir of equitable power to do justice in a particular case'." *Pierce v. Cook & Co. Inc.*, 518 F.2d 720, 722 (10th Cir. 1975), *cert. denied*, 423 U.S. 1079 (1976), quoting *Radack v. Norwegian America Line Agency, Inc.*, 318 F.2d 538, 542 (2d Cir. 1963). Relief under Rule 60(b)(6) is further circumscribed in that district courts may grant a motion thereunder only in "extraordinary circumstances" and only when such action is necessary to accomplish justice. *Klapprott v. United States*, 335 U.S. 601 (1949); *Ackermann v. United States*, 340 U.S. 193 (1950); see also Gonzalez v. Crosby, 545 U.S. 524, 535 (2005).

14. The Plaintiff would hereby state that all the elements required under Rule 60(b)(1) are met in the instant case, and that the failure to respond to the Defendant's Motion was due to inadvertence and excusable neglect, as the undersigned has been away from the office, and unable to properly calendar, and monitor all his deadlines since the Defendant's motion was filed.

15. Indeed, the undersigned underwent a back surgery, which severely impacted his ability to work for several weeks, and is still undergoing a slow recovery process. Although the undersigned has made an effort to catch up on all his cases, unfortunately he has not been able to

keep track of all the deadlines for his entire caseload, and did not properly calendar the Defendant's Motion or timely realize that a response to the Defendant's motion in the instant case was due. The undersigned only realized his delay, and his mistake in calendaring the Defendant's Motion once the court entered the order of dismissal on January 2, 2018.

15. In addition, the Plaintiff is filing this motion only a couple days after the order of dismissal was entered by this Honorable Court, which is within the time allowed to file a motion to set aside; and that the Plaintiff's claims are meritorious.

16. The Plaintiff would also state that setting aside the order of dismissal would not prejudice the Defendant, as the order was just granted, while would instead be of great prejudice to the Plaintiff. In fact, the Plaintiff may be barred from bringing forth these claims again, since these would not be brought within the ninety days allowed under the Notice of Rights issued by the EEOC. It would therefore be in the interest of justice to set aside the order of dismissal and allow the Plaintiff to pursue her claims in the instant case.

17. In the alternative, the Plaintiff would state that she should be entitled to set aside the order of dismissal under Rule 60(b)(6) as the undersigned counsel's health issues clearly represent extraordinary circumstances, which were out of the undersigned's control, and have affected the undersigned's ability to properly monitor, calendar and effectively defend his client' interest.

18. In addition, as stated above, the dismissal of this action, even without prejudice, would be of great prejudice to the Plaintiff who may not be allowed to bring forth the same claims in another case. Therefore, it would accomplish justice, and be only fair to allow this Plaintiff to pursue her claims before this Honorable Court.

WHEREFORE, the Plaintiff LAURA ORTIZ hereby prays this Honorable Court to set aside the Order of Dismissal without Prejudice, under Rule 60(b)(1) or in the alternative under Rule 60(b)(6), and allow the Plaintiff to respond to the Defendant's Motion to Dismiss, and pursue her claims in the instant case.

Dated: January 3, 2018.

Respectfully Submitted,

BARRY S. MITTELBERG, P.A.
10100 W. Sample Road,
Suite 407
Coral Springs, FL 33065
Tel: 954-752-1213
Fax: 954-752-5299

By:   /s/ Barry S. Mittelberg
Barry S. Mittelberg, Esq.
Florida Bar No. 396567
Barry@mittelberglaw.com
Sandi@mittelberglaw.com

## **VERIFICATION PAGE**

STATE OF FLORIDA      )
                      ) SS:
COUNTY OF BROWARD     )

BEFORE ME, the undersigned authority, personally appeared BARRY S. MITTELBERG, ESQ. who, after being duly sworn, deposes and says that he has read same and that the facts set forth are true and correct to the best of his knowledge and belief.

FURTHER AFFIANT SAYETH NAUGHT.

_____

The foregoing instrument was acknowledged before me this 3rd day of January, 2018 by BARRY S MITTELBERG, ESQ., who is personally known to me.

_____
NOTARY PUBLIC
State of Florida at Large

My Commission expires:

SANDI ACKERMAN
MY COMMISSION # FF 178699
EXPIRES: November 23, 2018
Bonded Thru Budget Notary Services

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 3, 2018, I electronically filed the foregoing documents with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Barry S. Mittelberg*
Barry S. Mittelberg, Esq.

## SERVICE LIST

Barry S. Mittelberg, Esq.
Florida Bar No. 396567
Barry S. Mittelberg, P.A.
10100 W. Sample Road
Suite 407
Coral Springs, FL 33065
Tel: 954-752-1213
Fax: 954-752-5299
barry@mittelberglaw.com
sandi@mittelberglaw.com
Counsel for Plaintiff

Nikhil Joshi, Esq.
Florida Bar No. 123803
Lorraine Maass Hultman, Esq.
Florida Bar No. 250511
Miller Tack & Madson
2055 Wood Street
Suite 208
Sarasota, FL 34237
Tel: 941-953-2828
Fax: 941-953-3018
nik@peolawyers.net
lori@peolawyers.net
ehamilton@hsjlawfirm.com
Counsel for Defendant