UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAURA ORTIZ,

    Plaintiff,

v.                         Case No: 6:17-cv-2004-Orl-28GJK

MASTERCORP, INC.,

    Defendant.

## ORDER

This case is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint or Alternatively for More Definite Statement (Doc. 8) and Plaintiff's Response (Doc. 18). As set forth below, Defendant's motion to dismiss is granted, its motion for more definite statement is denied as moot, and Plaintiff is granted leave to amend the complaint.

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). In considering a motion to dismiss brought under Rule 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." LaGrasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

Plaintiff's Complaint does not meet these standards. Defendant argues in its motion that "[t]he Complaint is so disorganized and ambiguous that it is difficult, if not impossible[,] for Defendant to decipher exactly what Plaintiff is claiming." (Doc. 8 at 1). The Court agrees.

It is indeed difficult to decipher what Plaintiff is claiming. On its first page, the Complaint describes the action as arising under the Florida Civil Rights Act of 1992 (FCRA) and the "American Disabilities Act of 1990." (Doc. 1 at 1). On the next page, the Complaint states that the suit "is authorized and instituted pursuant to the FCRA." (Id. at 2). After about twenty paragraphs of vague and repetitive factual allegations, the Complaint sets forth five counts: Count I: "Employment Discrimination Based on Gender Under Title VII"—referring in the body of the count to both Title VII and the FCRA; Count II: "Employment Discrimination Based on Gender Under [the FCRA]"; Count III: "Employment Discrimination Based on Pregnancy," referring to Title VII in the body of the count; Count IV: "Retaliation," referring to the FCRA in the body of the count; and Count V[1]: "Negligent Infliction of Emotional Distress." Each count incorporates paragraphs 1 through 28 of the Complaint. And in the assertions of damages at the end of the Complaint, Plaintiff refers to the ADEA—the Age Discrimination in Employment Act—for the first time. (Id. at 9).

The confusing references to state and federal statutes are where the Complaint's problems begin, but its shortcomings do not end there. The Complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). It contains only

---

[1] This count is labeled "Count VI," but it comes immediately after Count IV. It is thus the fifth count of the Complaint.

2

conclusory allegations and recitations of elements of causes of action; it is short on allegations of facts and leaves Defendant to guess at the basis for each claim. Repleading is therefore required.

Accordingly, it is **ORDERED** as follows:

1. Defendant's Motion to Dismiss Plaintiff's Complaint or, Alternatively for More Definite Statement (Doc. 8) is **GRANTED in part and DENIED AS MOOT in part**. The motion is **granted** insofar as it seeks dismissal of the Complaint under Rule 12(b)(6) and is **denied as moot** insofar as it seeks a more definite statement under Rule 12(e).

2. The Complaint (Doc. 2) is **DISMISSED without prejudice**.

3. Plaintiff may file an amended complaint **on or before Friday, May 11, 2018**.

**DONE** and **ORDERED** in Orlando, Florida, on April 23, 2018.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

3